**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Beckham BAKER, Defendant—
Appellant.**

**No. 07–10134.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed June 4, 2008.

Nancy J. Koppe, Esq., Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

MEMORANDUM *

Beckham Baker pled guilty to two separate indictments charging him with receiv-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing and possessing child pornography. Having reserved his rights to challenge the district court's denial of his two motions to suppress, he argues on appeal that the search warrants executed against him were not supported by probable cause. As the parties are familiar with the underlying facts, they will not be repeated here.

Baker argues that the first search warrant was defective under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Though admittedly false statements were included in the supporting affidavit, the evidence of record does not give rise to a "definite and firm conviction that the district court made a mistake in finding that the affidavit did not intentionally or recklessly misstate [facts]." *United States v. Elliott,* 322 F.3d 710, 715 (9th Cir.2003) (internal quotation marks omitted). In any event, we are persuaded that the search warrant was adequately supported by probable cause even without considering the false statements. *United States v. Martinez–Garcia,* 397 F.3d 1205, 1215 (9th Cir.2005); *see also United States v. Gourde,* 440 F.3d 1065, 1071 (9th Cir.2006) (en banc) (holding that becoming a paying member of a child pornography website gives rise to a "fair probability" that defendant viewed and downloaded such images); *United States v. Froman,* 355 F.3d 882, 891 (5th Cir. 2004) (holding that voluntary membership in Candyman e-Group supports probable cause given that the "predominant purpose of this group [is] to engage in collection and distribution of child pornography").

Baker argues the second search warrant was also lacking probable cause because the affiant's expert statements regarding "preferential child sex offenders" failed to satisfy the standard established in *United States v. Weber,* 923 F.2d 1338, 1345 (9th

---

Cir.1990). We disagree. The affiant laid a sufficient foundation regarding the habits and practices of child sex offenders reasonably to conclude, for purposes of establishing probable cause to search, that Baker is among such class. *Id.*; *United States v. Kelley,* 482 F.3d 1047, 1050 (9th Cir.2007) ("[P]robable cause means a 'fair probability' that contraband or evidence is located in a particular place.... Neither certainty nor a preponderance of the evidence is required.").

AFFIRMED.